181 N.J. Super. 539 (1981)
438 A.2d 576
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH B. ALTMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 1, 1981.
Decided November 16, 1981.
*540 Before Judges FRITZ, ARD and TRAUTWEIN.
Stanley C. Van Ness, Public Defender, for appellant (James K. Smith, Jr., Deputy Public Defender, and Maurice Molyneaux, Assistant Deputy Public Defender, on the briefs).
James R. Zazzali, Attorney General of New Jersey, for respondent (Miriam Kahan Brody, Assistant Essex County Prosecutor, on the letter brief).
PER CURIAM.
On May 4, 1979 judgment was entered on defendant's non vult plea to a charge of murder while armed. Almost 2 1/2 years later he moves to file a notice of appeal nunc pro tunc.
The grounds to be urged on the appeal do not appear anywhere in the motion papers. Indeed, it appears from the affidavit of defendant that the attorney who represented him at trial advised defendant "there were no grounds" for appeal. Although the Public Defender speculates respecting "issues which may possibly be raised on appeal," neither he nor defendant asserts any grounds to justify the appeal in the spirit of In re Syby Appeal, 66 N.J. Super. 460 (App.Div. 1961).
Additionally, we observe that defendant does not allege in the affidavit and pro se "verified petition" he has filed on the motion that he requested his attorney to perfect an appeal at any time before June 17, 1981. Defendant's statement is, "On June 17, 1981 I spoke with my attorney and he informed me that no appeal has been filed on my behalf by him, the reason being that he felt there were no grounds to do so." In the companion motion here filed on defendant's behalf by the Public Defender, *541 an affidavit submitted by a "Legal Assistant" says only, "Defendant apparently indicated to his attorney that he desired to appeal his sentence after speaking with his attorney on June 17, 1981 he was informed that no appeal was filed in behalf the reason being that according to his counsel no grounds existed on which to file such a notice."
Thirdly, it is to be observed that R. 2:4-4(a) provides the mechanics for an extension "for a period not exceeding 30 days" and even then only in cases where "the notice of appeal ... was in fact served and filed within the time as extended." No one here suggests that defendant qualifies within the express terms of this rule. Rather, defendant points to a "NOTICE TO APPELLATE BAR," 100 N.J.L.J. 1208 (1977), which provides for the relaxation of R. 2:4-4(a). That notice reads as follows:
The Supreme Court has directed the Appellate Division to relax Rule 2:4-4(a) in favor of allowing an out-of-time appeal nunc pro tunc on behalf of an indigent criminal defendant in any case where it satisfactorily appears that the defendant, personally, within time, requested his trial counsel or the Public Defender's Office to file an appeal on his behalf.
 Stephen W. Townsend
 Acting Clerk of the
 Supreme Court
Were it not for that notice, any one of the three deficiencies pointed out above would, in our judgment, not only warrant but require denial of this motion. However, it appears beyond question to us that the use of the words "in any case" in the aforementioned Notice proves the intent of the Supreme Court to require only a satisfactory demonstration of defendant's timely request of counsel to file an appeal on his or her behalf to obligate us to relax the rule and grant leave irrespective of the lateness of the hour. Accordingly, the sole determinant on a motion by an indigent criminal defendant for leave to file a notice of appeal nunc pro tunc is whether that defendant asked either private counsel or a Public Defender, within time, to file such a notice for him. Resolution of that factual inquiry decides the motion.
The State in its brief filed on this motion protests:

*542 ... We envisage a situation in which all motions for filing a Notice of Appeal nunc pro tunc will hereinafter be in the most rudimentary form, simply accompanied by an affidavit by defendant that he made such a request for an appeal in a timely fashion. In essence this is an emasculation of R. 2:4-4(a).
If this projection is sound, then a remedy must be sought in the Supreme Court. Although we are privileged to disagree with the judgment of that court in cases where our judgment does not concur, that privilege does not extend to noncompliance. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961).
In the matter before us we believe the record fully supports an inference that such a request was in fact timely made.
Accordingly, the motion for leave to file a notice of appeal nunc pro tunc is granted.