902 A.2d 200

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. ROSALINDA F. MOLINA, DEFENDANT–
RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
DANIEL RUCKER, DEFENDANT–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
OSCAR STERLING, DEFENDANT–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
FRANCISCO ALBERT CASTRO, DEFENDANT–
RESPONDENT.

Argued May 2, 2006—Decided July 12, 2006.

*Teresa A. Blair,* Deputy Attorney General, argued the cause for appellant (*Zulima V. Farber,* Attorney General of New Jersey, attorney).

*William B. Smith,* First Assistant Deputy Public Defender, argued the cause for respondents (*Yvonne Smith Segars,* Public Defender, attorney; *Mr. Smith* and *Diane Toscano,* Assistant Deputy Public Defender, on the briefs).

Justice RIVERA–SOTO delivered the opinion of the Court.

*Rule* 3:21–4(h) specifically provides that "[a]fter imposing sentence, whether following the defendant's plea of guilty or a finding of guilty after trial, the court shall advise the defendant of the right to appeal and, if the defendant is indigent, of the right to appeal as an indigent." Pursuant to *Rule* 2:4–1(a), "[a]ppeals from final judgments of courts ... shall be taken within 45 days of their entry." And, *Rule* 2:4–4(a) allows a thirty-day extension "upon a showing of good cause and the absence of prejudice ... but only if the notice of appeal ... was in fact served and filed within the time as extended."

These consolidated appeals arise from applications for leave to appeal as within time [1] filed by defendants Rosalinda Molina, Daniel Rucker, Oscar Sterling, and Francisco Albert Castro, each of whom pled guilty to various criminal charges and was sentenced to corresponding terms of imprisonment.[2] In light of the time strictures applicable to the filing of an appeal, we are called on to determine when, and under what circumstances, leave to appeal as within time should be granted in criminal cases. As an overarching principle, we hold that a defendant who has been advised of his right to appeal as provided under *R.* 3:21–4(h) and fails to prosecute his appeal in a timely manner is not entitled to as within time relief. As a limited exception to that rule, we hold that a defendant who has been advised of his right to appeal as provided under *R.* 3:21–4(h) and fails to prosecute his appeal in a timely manner may be entitled to as within time relief if he demonstrates, by his own certification and by a preponderance of the credible

---

[1] Using traditional nomenclature, the Appellate Division designated each of the applications as motions for leave to appeal *nunc pro tunc*, or "now for then." *Black's Law Dictionary* 1097 (7th ed.1999). The more contemporary descriptive of "as within time," however, is preferred. In the future, it is to be used to the exclusion of the Latin phrase; present language in *Rule* 2:4–4(b)(2) that retains the traditional usage will be amended accordingly.

[2] The underlying criminal charges to which the defendants pled guilty and terms of imprisonment imposed are not relevant to the issues on appeal.

evidence, that the defendant did request the filing of an appeal in a timely manner and that counsel failed to prosecute it. We further hold that if a defendant has not been advised of his right to appeal as provided under *R.* 3:21-4(h), he is entitled to as within time relief provided the sentencing transcript confirms that he was not advised of his right to appeal under the *Rule,* and his application for leave to appeal as within time is filed no later than five years from the date of his sentencing.

Because the predicate to a defendant's right to appeal as within time is whether the defendant was advised of that right as provided in *R.* 3:21-4(h), and for the avoidance of future doubt, we exercise our supervisory powers and require, as part of the sentencing proceeding, that a form outlining a defendant's appeal rights must be given to the defendant, and completed by the defendant and his counsel in duplicate, with one copy to be placed in the trial court's file and the remaining copy to be retained by the defendant.

## I.

Although not dispositive, the facts underlying these consolidated appeals are instructive of the concerns we address. Appeals from each of these defendants were untimely and none qualified for the grace period provided in *R.* 2:4-4(a). As of the dates of their respective applications for leave to appeal as within time, the forty-five day time period within which a notice of appeal had to be filed had expired over sixteen months (Molina), approximately twenty-three months (Rucker), over eighteen months (Sterling), and over five years (Castro) earlier.

In support of their respective applications for leave to file notices of appeal as within time, each defendant submitted a certification outlining his or her reasons for failing to file a timely notice of appeal. Molina claimed that she "did make a verbal request for an appeal to [her] lawyer prior to sentencing" but that she "was told that filing an appeal would be fruitless [and that she] took [her] lawyer's word as truth because [she was] unedu-

cated in the law." Rucker explained that he "did not request an appeal earlier because when [he] was sentenced, [he] was overwhelmed by the [mandatory minimum] part of the sentence[,]" that he "did not understand what an appeal meant[,]" and that "as part of [his] plea agreement, [he] had agreed not to appeal." Sterling certified that he "recall[s] the judge saying [he] had some time grace period to file for an appeal [but that he] did not know what to do ... until almost a year after [his] sentencing [when he] had the opportunity to go to the prison Law library." Castro claimed that he "honestly [did] no[t] recall the judge telling [him] that [he] had only 45 days to file for an appeal[, that t]he attorney who represented [him] never advised [him] of an appeal option[, and that] upon [his] sentencing [he] never had any contact with [his] attorney." [3]

Because the State did not contest the factual allegations set forth in defendants' certifications, and because there was no showing of prejudice, the Appellate Division, by separate orders, granted defendants leave to file notices of appeal as within time.

We granted the State's application for leave to appeal in all four cases, *State v. Molina,* 185 *N.J.* 33, 878 *A.*2d 850 (2005); *State v. Rucker,* 185 *N.J.* 33, 878 *A.*2d 851 (2005); *State v. Sterling,* 185 *N.J.* 33, 878 *A.*2d 851 (2005); *State v. Castro,* 185 *N.J.* 34, 878 *A.*2d 851 (2005), which we later vacated as improvidently granted. *State v. Molina,* 185 *N.J.* 251, 883 *A.*2d 1053 (2005); *State v.*

---

[3] It is uncontested that the trial court properly advised each defendant of his or her right to appeal. At Molina's sentencing, the trial court explained that "you have 45 days from today's date to file an appeal, Miss Molina if you are dissatisfied with the Court's sentence. You can do so through [the public defender then representing Molina] or her office. Do you understand that?" Molina replied: "Yes." At Rucker's sentencing, the trial court explained that "[y]ou have 45 days from today to appeal the sentences. If you don't have an attorney, can't afford one, the State will provide you with—with one." Sterling was advised that "[t]he Defendant has 45 days to appeal. If you're not satisfied with my decision you could apply to the Public Defender or seek private Counsel." And, Castro was told that "you have 45 days to file an appeal of this sentence. If you cannot afford a lawyer, a lawyer will be assigned to you by the Public Defender's Office to represent you in the appeal."

*Rucker,* 185 *N.J.* 253, 883 *A.*2d 1054 (2005); *State v. Sterling,* 185 *N.J.* 253, 883 *A.*2d 1054 (2005); *State v. Castro,* 185 *N.J.* 251, 883 *A.*2d 1052 (2005). We later granted the State's separate motions for reconsideration and reinstated the State's appeal in each case. *State v. Molina,* 186 *N.J.* 249, 893 *A.*2d 718 (2006); *State v. Rucker,* 186 *N.J.* 250, 893 *A.*2d 718 (2006); *State v. Sterling,* 186 *N.J.* 250, 893 *A.*2d 719 (2006); *State v. Castro,* 186 *N.J.* 249, 893 *A.*2d 718 (2006).

## II.

The State argues that the Appellate Division erred when it granted the motions for leave to appeal as within time under the authority of *State v. Altman,* 181 *N.J.Super.* 539, 438 *A.*2d 576 (App.Div.1981). According to the State, it is substantially prejudiced by the unrestricted granting of leave to appeal as within time under *State v. Altman* because it is saddled with the burden of "challeng[ing] the truthfulness of the defendants' averments and [of] prov[ing] prejudice." The State suggests, originally in its supplemental brief and as further detailed at argument, that applications for leave to appeal fall into three discrete categories and should be disposed of according to the relevant category.

In the first category, the State places those defendants who have not been advised of their right to appeal. By the State's reckoning, if the sentencing transcript discloses that a defendant was not advised of his or her appeal rights, then that defendant should be allowed to prosecute an appeal limited to an outside time bar. The State suggests that a period of five years from the date of the sentencing—the general time bar provided for petitions for post conviction relief under *R.* 3:22–12(a)—is an appropriate time limitation.

In the second category the State places those defendants who have been advised of their appeal rights but who have failed to take any steps to perfect those rights within the forty-five days allowed under *R.* 2:4–1, as extended for an additional thirty days under *R.* 2:4–4(a). The State asserts that those who fall within

this second category should be denied leave to appeal as within time.

Finally, the State recognizes a third category: those defendants who have been advised of their appeal rights and who have taken steps to perfect their appeal but whose appeals are in fact not prosecuted. The State would deny relief as within time to these defendants unless they are able to demonstrate, by independent corroborative and competent proofs from their trial counsel, that they made a timely request for an appeal that was not honored. As to this latter category, the State also believes a time bar is appropriate: those defendants who have been advised of their appeal rights and who have requested that their counsel take steps to perfect those rights within the forty-five days allowed under *R.* 2:4–1, as extended for an additional thirty days under *R.* 2:4–4(a), must nevertheless file their applications for leave to file a notice of appeal as within time within one year of the expiration of the aggregate seventy-five days provided in *Rules* 2:4–1 and 2:4–4(a).

Applying its paradigm to these consolidated appeals, the State claims that all four defendants fall within the second category—those defendants who have been advised of their appeal rights but who have failed to take any steps to perfect those rights within the forty-five days allowed under *R.* 2:4–1, as extended for an additional thirty days under *R.* 2:4–4(a)—and, hence, they should be denied leave to appeal as within time.

Defendants contest the State's assertions in respect of the application of *State v. Altman, supra,* and, in any event, argue that whether these appeals could proceed was properly determined under that authority. Defendants also argue that they should be allowed to appeal as within time because the appeal rights advice they received from the trial judges did not comport with the requirements of *R.* 3:21–4(h) and that, in order to avoid the reoccurrence of these instances, trial judges should be required to follow a detailed script as to what a defendant must be told in respect of his appeal rights.

### III.

### A.

We start, as we must, with *N.J. Const.* art VI, § 5, ¶ 2: "Appeals may be taken to the Appellate Division of the Superior Court from the law and chancery divisions of the Superior Court and in such other causes as may be provided by law." By that provision, "[u]nlike the federal constitution, the New Jersey Constitution . . . provide[s] for the appellate review of criminal proceedings." *State v. Bianco,* 103 *N.J.* 383, 391, 511 *A.*2d 600 (1986) (citations omitted). In *State v. Bianco* we held that the constitutional right to appellate review requires us to "establish appellate procedures that satisfy the [Federal] Due Process Clause" and, further, that "[i]n order to satisfy the Due Process Clause, defendants must be given a meaningful opportunity to be heard." *Ibid.* (citation and internal quotation marks omitted). Thus, we have held that "the State must provide an indigent criminal defendant with the means necessary to prosecute his first appeal as of right, such as a free transcript and effective assistance of counsel." *Ibid.*

The threshold question, then, is whether the time limitations for the lodging of an appeal—the forty-five days allowed under *R.* 2:4–1(a), as that period may be extended for an additional thirty days under *R.* 2:4–4(a)—provide criminal defendants the constitutionally required "meaningful opportunity to be heard." *Boddie v. Connecticut,* 401 *U.S.* 371, 377, 91 *S.Ct.* 780, 785, 28 *L.Ed.*2d 113, 118 (1971). We find that they do. We note, by comparison, that the federal analog to *Rule* 2:4–1 provides for only a ten-day period within which a notice of appeal must be filed. *Fed. R.App. P.* 4(b)(1)(A).[4] Reasoning that the timely filing of a

---

[4] *Compare R.* 2:4–1 (forty-five days), *with Fed. R.App. P.* 4(b)(1)(A) (ten days); *compare R.* 2:4–4(a) (allowing thirty-day extension of initial appeal period upon showing of good cause and absence of prejudice), *with Fed. R.App. P.* 4(b)(4) (allowing thirty-day extension of initial appeal period upon showing of good cause and excusable neglect).

notice of appeal is mandatory and jurisdictional, *United States v. Robinson*, 361 *U.S.* 220, 224, 80 *S.Ct.* 282, 285, 4 *L.Ed.*2d 259, 262 (1960); *United States v. Mathews*, 462 *F.*2d 182, 183 (3d Cir.), *cert. denied*, 409 *U.S.* 896, 93 *S.Ct.* 123, 34 *L.Ed.*2d 153 (1972), it follows as a matter of common sense that, unless the time provided for filing a notice of appeal is so short that the exercise of the appeal right is rendered meaningless, a constitutional deprivation does not arise.

### B.

Having concluded that, as applied to criminal defendants, the time limitations of *Rules* 2:4–1 and 2:4–4(a) are constitutional, we must nevertheless address the issue squarely presented in these consolidated appeals: when, and under what circumstances, leave to appeal as within time should be granted in criminal cases.

The history of applications for leave to file a notice of appeal as within time is instructive. In 1977, responding to a large number of motions from criminal defendants for leave to file such appeals, we relaxed the provisions of *R.* 2:4–4(a) as follows:

> The Supreme Court has directed the Appellate Division to relax *Rule* 2:4–4(a) in favor of allowing an out-of-time appeal nunc pro tunc on behalf of an indigent criminal defendant in any case where it *satisfactorily appears that the defendant,* personally, within time, requested his trial counsel or the Public Defender's Office to file an appeal on his behalf.
>
> [100 *N.J.L.J.* 1208 (1977) (quoted in *State v. Altman*, 181 *N.J.Super.* 539, 541, 438 *A.*2d 576 (App.Div.1981)).]

The implementation of that directive triggered *State v. Altman*, which held that "the sole determinant on a motion by an indigent criminal defendant for leave to file a notice of appeal nunc pro tunc is whether that defendant asked either private counsel or a Public Defender, within time, to file such a notice for him. Resolution of that factual inquiry decides the motion." *Supra*, 181 *N.J.Super.* at 541, 438 *A.*2d 576. *State v. Altman* provided the framework within which to gauge whether a criminal defendant's application for leave to file a notice of appeal as within time should

be granted. Now, twenty-five years later, we find that adjustment to that framework is warranted.

Using *State v. Altman's* construct as a foundation, we reaffirm the general rule that a defendant who has been advised of his right to appeal as provided under *R.* 3:21–4(h) yet fails to prosecute his appeal in a timely manner presumptively is not entitled to as within time relief. We recognize a limited exception to that rule. We therefore also hold that a defendant who has been advised of his right to appeal as provided under *R.* 3:21–4(h) and fails to prosecute his appeal in a timely manner may be entitled to as within time relief if he satisfies the burden of demonstrating, by his own certification and by a preponderance of the credible evidence,[5] that defendant did request the filing of an appeal in a timely manner and that his then counsel failed to prosecute it. Of course, if a defendant has not been advised of his right of appeal as required by *R.* 3:21–4(h), a different result obtains. In those instances, we hold that a defendant who has not been advised of his right to appeal is entitled to as within time relief provided the sentencing transcript confirms that he was not advised of his right under the *Rule,* and his application for leave to appeal as within time is filed no later than five years from the date of his sentencing.[6]

## C.

Given our definition of the rule of law to be applied, we must determine whether the rule we announce today "is to be

---

[5] Affidavits and certifications are of equal dignity in this State. *See R.* 1:4–4(b) ("Certification in Lieu of Oath. In lieu of the affidavit, oath or verification required by these rules, the affiant may submit the following certification which shall be dated and immediately precede the affiant's signature: 'I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.' ").

[6] We select the time bar of five years from the date of the defendant's sentencing because it is co-extensive with the general time bar applicable to petitions for post-conviction relief. *See R.* 3:22–12(a).

applied retroactively and, if so, to what extent, a determination that implicates a three-step analysis." *State v. Cummings*, 184 *N.J.* 84, 96–97, 875 *A.*2d 906 (2005). Those steps are: (1) "whether the rule at issue is a new rule of law for purposes of retroactivity analysis[;]" (2) a balancing of "the purpose of the [new] rule[,]" "the degree of reliance placed on the old rule[,]" and "the effect a retroactive application would have on the administration of justice[;]" and (3) whether the rule is to be applied prospectively only, applied prospectively and in the case under consideration, given "pipeline retroactivity," or given complete retroactivity. *Id.* at 97–98, 875 *A.*2d 906 (citations and internal quotation marks omitted).

"[A] case announces a new rule when it breaks new ground or imposes a new obligation on the State[ ] . . . [or] if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *State v. Lark*, 117 *N.J.* 331, 339, 567 *A.*2d 197 (1989) (quoting *Teague v. Lane*, 489 *U.S.* 288, 301, 109 *S.Ct.* 1060, 1070, 103 *L.Ed.*2d 334, 349 (1989)). When placed against the backdrop of our 1977 Directive, as cited in and interpreted by *State v. Altman, supra*, we conclude that our ruling, at least in part, announces a new rule. Balancing the purpose of this new rule against both the reasonable reliance engendered by prior practice and the effect the retroactive application of this new rule would have on the administration of prior appeals, we conclude that this rule will be applied prospectively only.

## IV.

To implement our ruling, in the exercise of our supervisory powers we adopt as an interim measure the requirement that a defendant's appeal right must be communicated to him in writing and in a manner that insures a meaningful discussion with counsel.

In the future, before imposing sentence, trial courts are to provide defendants with a form, to be generated and executed in duplicate, a sample of which is reproduced as Appen-

dix A. Much as with guilty plea forms, defense counsel is required to review the appeal rights form with the defendant, and to explain the nature of an appeal, that the defendant has a right to appeal both his conviction and/or sentence, and that counsel will be appointed to prosecute the appeal if the defendant is unable to afford counsel. Defense counsel is to insure that the defendant understands his or her appeal rights and, as evidence thereof, both defendant and his counsel are to initial and sign where noted. A fully executed copy of the appeal rights form is to be delivered to the trial court for retention in the court file, and another fully executed copy of the appeal rights form is to be retained by the defendant. The trial court, as part of the sentencing colloquy, is to review the appeal rights form with the defendant, satisfy itself that the defendant understands his or her appeal rights and has executed the appeal rights form knowingly and intelligently, and place that conclusion on the record.

The procedures we adopt are intended solely as interim measures. We refer the development of an appeal rights form and a suggested colloquy to accompany it to the Criminal Practice Rules Committee.

## V.

We must now address the consolidated appeals before us. The Appellate Division held that "[a]s the State does not contest the factual assertions in defendant's certification or assert[ ] any actual prejudice, the motion is granted."[7] In those circumstances, and because we give our ruling prospective application only, we see no reason to disturb this conclusion.

---

[7] Almost identical language appears in respect of the orders granting relief to Molina, Rucker and Sterling. The order granting relief to Castro reads slightly differently: "The court hesitates to grant the application for an appeal more than five years out of time when evidence may no longer be retained beyond the period in which to file a petition for post-conviction relief. However, there is no opposition and no showing of prejudice."

## VI.

The separate orders of the Appellate Division granting leave to appeal as within time are affirmed.

### APPENDIX A

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION——————— COUNTY
INDICTMENT NO. ———

## STATE OF NEW JERSEY

— v. —

_____,

Defendant.

### APPEAL RIGHTS FORM

(Complete in duplicate; one fully executed copy to be delivered to the trial judge and defendant to retain the remaining copy.)

I, _____, hereby certify as follows:

1.  I am the defendant in the above referenced case.

2.  I am being represented in this sentencing by _____ and he/she has reviewed this appeal rights form with me.

3.  I understand that (a) an appeal means having my case reviewed by a higher court, (b) I have a right to appeal my conviction and sentence, (c) I have the right to be represented by counsel for that appeal, (d) if I am unable to secure counsel for my appeal, the Office of the Public Defender will represent me or arrange for my representation, and (e) if I fail to file a notice of appeal with the Appellate Division within 45 days of today's date, and unless I obtain a thirty-day extension of time on a showing of good cause and absence of prejudice, I will lose my right to appeal.

4.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment

DATED: _____, _____

Defendant

I have reviewed this Appeal Rights Form with defendant and I am satisfied that he understands the rights it describes.

DATED: _____, ____ _____

Counsel for Defendant

— A–1 of 1 —

INITIALS: _____
INITIALS: _____

*For affirmance*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA-SOTO—7.

*Opposed*—None.