**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1495-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT L. TERRY,

     Defendant-Appellant.

_____

Submitted January 11, 2022 – Decided August 11, 2022

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey,
Law Division, Union County, Indictment Nos. 95-06-
0574 and 95-06-0576.

Robert L. Terry, appellant pro se.

William A. Daniel, Union County Prosecutor, attorney
for respondent (Michele C. Buckley, Assistant
Prosecutor, of counsel and on the brief).

PER CURIAM

Robert L. Terry appeals from his August 14, 1998 resentencing on remand, contending "[t]he sentencing court's reasoning for its imposition of four consecutive sentences [was] inadequate." We dismiss the appeal as grossly out-of-time and without merit.

By our count, this is Terry's tenth appeal in connection with his 1996 conviction and sentence for the 1994 murder of David Brown. We summarized the essential facts and catalogued Terry's filings in our 2018 opinion affirming the denial of his fourth state court application for post-conviction relief (PCR). We repeat them here for the convenience of the reader.

> Defendant was tried for the 1994 murder of David Brown and aggravated assault of Diane Crews. The State claimed defendant, dressed in black, wearing a ski mask and armed with a gun, entered Crews' apartment in Elizabeth looking for Brown. As Brown tried to flee, the masked intruder chased him through the apartment, shooting him. Crews and another witness testified that when Brown fell, the intruder stood over him and shot him again at point blank range. Although neither saw the shooter's face, both identified him as defendant, a man they knew as "Justice," based on his voice. After shooting Brown, defendant pointed the gun at Crews' head and ordered her to open the door, which Brown's body was blocking. When the door was finally opened, defendant ran out of the apartment and down the stairs to the street.

A-1495-19

When police arrived, Brown was bleeding badly. An officer told him he might not survive, and asked who shot him. Brown told him it was defendant Robert L. Terry. Brown died from his wounds a short time later.

A jury convicted defendant in 1996 of first degree murder, fourth degree aggravated assault, second degree possession of a weapon for an unlawful purpose, and third degree unlawful possession of a weapon. The same jury immediately thereafter convicted defendant of possession of a weapon by a convicted felon. The judge sentenced defendant to an extended term of life in prison plus fifteen and one-half years, with a forty-three year parole disqualifier.

We affirmed defendant's conviction but remanded for resentencing, as extended-term sentencing for murder was not available at the time the crime was committed, and the judge had failed to articulate his reasons for imposing consecutive sentences. State v. Terry, Nos. A-3371-96 and A-3382-96 (App. Div. July 1, 1998) (slip op. at 4, 23) (Terry I). The Supreme Court denied defendant's petition for certification. State v. Terry, 156 N.J. 426 (1998).

Defendant filed his first petition for PCR in 1998. State v. Terry, No. A-4207-99 (App. Div. Apr. 15, 2002) (slip op. at 5) (Terry II). The PCR judge denied relief, id. at 6, we affirmed, id. at 8, and the Supreme Court denied certification. State v. Terry, 174 N.J. 364 (2002). Defendant filed his second petition on March 19, 2003. State v. Terry, No. A-2334-03 (App. Div. Apr. 18, 2005) (slip op. at 3) (Terry III). The PCR judge denied the petition as untimely and without merit, id. at 4, and we again affirmed, id. at 6-7.

3

Defendant thereafter filed a petition for a writ of habeas corpus under 28 U.S.C. § 2253(c)(2), which was dismissed as untimely by order and opinion of August 16, 2006. Terry v. Cathel, No. 05-4644(DRD) (D.N.J. Aug. 16, 2006) (slip op. at 1) (Terry IV). The U.S. Court of Appeals for the Third Circuit declined defendant's request for a certificate of appealability, Terry v. Cathel, No. 06-4212 (3d Cir. Apr. 16, 2007), and his sur-petition for rehearing en banc, Terry v. Cathel, No. 06-4212 (3d Cir. Jun. 6, 2007). The United States Supreme Court subsequently denied defendant's petition for writ of certiorari. Terry v. Ricci, 552 U.S. 1024 (2007). Defendant's subsequent application for leave to file a second or successive federal habeas corpus petition on grounds of actual innocence was denied because all claims had been raised in petitioner's previous federal habeas petition. In re Terry, No. 08-1795 (3d Cir. May 22, 2008) (Terry V).

Defendant thereafter returned to State court, filing his third PCR petition, nearly twelve years after his conviction. Defendant claimed he was actually innocent of the murder and if not for his trial counsel's ineffectiveness would have been acquitted, and thus the interests of justice required relaxation of the procedural bar. The PCR judge denied relief and we affirmed, finding all of defendant's claims either a reiteration of ones made previously, and thus barred by R. 3:22-5, or ones that could have been made previously and thus barred by R. 3:22- 4 and 3:22-12(a)(2). State v. Terry, No. A-4656-08 (App. Div. Aug. 2, 2010) (slip op. at 9) (Terry VI).

Thereafter, defendant filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming he was actually innocent of the crime of murder, that he received ineffective assistance of trial

4

counsel and his sentence is illegal, which the court dismissed sua sponte without a certificate of appealability. Terry v. Bartkowski, No. 11-0733 (CCC) (D.N.J. Oct. 28, 2011) (slip op. at 4, 10) (Terry VII).

Defendant filed his fourth petition for PCR on April 7, 2015, claiming his trial counsel was ineffective by failing to advise him of a statement of a witness who saw him fleeing the crime scene, failing to reopen plea negotiations after the prosecution recovered an additional bullet that struck Brown and failing to properly advise him as to his sentencing exposure. Defendant also claimed his counsel on direct appeal and PCR counsel were ineffective for failing to raise those issues.

The trial court dismissed defendant's petition without an evidentiary hearing as obviously time-barred and found the facts if proven, did not "raise a reasonable probability that the relief sought would be granted." R. 3:22-4(b)(2)(B). We affirmed the dismissal of Terry's petition, State v. Terry, No. A-5420-15 (App. Div. May 15, 2018) (slip op. at 2) (Terry VIII), and the Supreme Court denied his petition for certification, State v. Terry, 236 N.J. 51 (2018).

Thereafter, Terry apparently filed a motion in the trial court to correct an illegal sentence with the assistance of appointed counsel. We have a filed copy of a May 13, 2019 order, following the court's review of the record of Terry's resentencing, withdrawing the motion "with prejudice" pursuant to

Terry's request "for the reasons listed on the record."  We have not been provided a transcript of that proceeding but Terry represents his counsel provided him with a copy of the transcript of his 1998 resentencing on May 13, 2019.[1]

Two weeks later, Terry filed an appeal from the court's 1998 pronouncement of sentence on remand, which we treated as a motion to appeal from oral resentencing as within time, as Terry represented the court had never filed an amended judgment of conviction following his resentencing, State v. Terry, No. A-4361-18 (App. Div. Sep. 27, 2019) (Terry IX).  We remanded the case to the trial court for entry of an amended judgment of conviction and dismissed the appeal without prejudice to the filing of a new notice of appeal following entry of the amended judgment.  No entry of an amended judgment of conviction was required, however, as the August 14, 1998 amended

---

[1] We could, and by rights, should dismiss the appeal without opinion for Terry's failure to pursue his motion for relief from an illegal sentence in the trial court in favor of filing what is essentially the same application directly with us.  We decline to do so, however – not for his sake but for judicial economy – the same reason we have quoted our 2018 unpublished opinion at length.  This case is quite old and the prior appeals so numerous it is difficult to ascertain what issues have been previously litigated and where.  We dismiss the appeal with opinion only because our court's records likely make the task easier for us than for the trial court.

judgment of conviction, filed on that date, was subsequently filed with the clerk's office, which provided a copy to Terry.

Terry filed this appeal, his tenth, on October 24, 2019, based on our July 1, 1998 opinion in which we noted the sentencing judge "reasoned that there should be no free crimes, but failed to consider all of the Yarbough[2] factors." Terry I, slip op. at 27. Acknowledging we could "attempt to do [the Yarbough analysis] on our own," we instead elected to remand the sentence for reconsideration as the matter had to be remanded in any event for entry of an amended judgment to correct the error on the parole ineligibility period for the murder conviction. Ibid. In support of our remand decision, we cited State v. Pennington, 301 N.J. Super. 213, 220 (App. Div. 1997), aff'd in part, rev'd in part, 154 N.J. 344, 361 (1998), where we noted that an "[i]nadequate explanation of the sentencing judge's reasons for each of the sentences prevents us from exercising meaningful review and generally requires a remand for resentencing."

Terry has seized on that language from Pennington quoted in Terry I in arguing the "sentencing court's reasoning for its imposition of four consecutive sentences [was] inadequate." He incorrectly interprets our comments in Terry

---

[2] State v. Yarbough, 100 N.J. 627, 643-44 (1985).

I as a direction to the trial court to run the sentences concurrently instead of what we ordered, which was for the trial judge to reconsider the sentence in light of the Yarbough factors and explain his reasons for each of the sentences he determined to impose.

Indeed, Terry notes he "interpose[d] an objection" to the judge's pronouncement of sentence on remand "and his refusal to adhere to this court's opinion" by only reducing the extended term on the murder conviction from thirty-five to thirty years, but otherwise leaving the sentence unchanged. He thus concludes "the sentence is illegal, requiring that this court either remand the matter for further proceedings consistent with its ruling under [Terry I] or . . . invoke its authority pursuant [to] R. 2:10-3, and correct the matter on its own initiative."

Addressing the fact that our comments accompanying the remand order on which he relies were made more than twenty-one years before this appeal, Terry acknowledges "[a]dmittedly, a considerable amount of time has pas[sed] since defendant was resentenced." But, he argues, "there is no time limit on appeal from an illegal sentence," which "may be ordered corrected at any time on motion or by the court acting sua sponte," relying on State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000).

There are two problems with Terry's reasoning.[3] First, the sentence imposed on remand is not illegal. The illegality we noted of the extended term on the murder conviction having been corrected on resentencing, Terry is left to complain the overall sentence is excessive by the judge running the individual sentences consecutively instead of concurrently or failing to adequately explain his reasons for doing so. A sentence is not illegal because the sentencing judge imposed consecutive sentences without an adequate statement of reasons. State v. Acevedo, 205 N.J. 40, 47 (2011) (holding a "defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable on PCR, or under the present Rule 3:21-10(b)(5)" (correcting a sentence not authorized by law)). And, second, his time to complain of an excessive, as opposed to an illegal, sentence has long since passed. See R.2:4-1(a) (providing appeals from final judgments

---

[3] Terry's third problem is that the judge addressed the Yarbough factors in explaining his imposition of consecutive sentences on remand, meaning we would affirm the new sentence were we to reach the merits. See State v. Rivera, 249 N.J. 285, 297-98 (2021) (holding a reviewing court must affirm a sentence "unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience'" (quoting State v. Roth, 95 N.J. 334, 364-65 (1984))).

A-1495-19

shall be filed within 45 days of entry); R. 3:21-10(a) (providing "a motion to reduce or change a sentence shall be filed not later than 60 days after the date of the judgment of conviction").

Although Terry insists he only received the amended judgment of conviction when our clerk's office sent it to him in 2019, he has been aware of the court's sentence on remand since it was pronounced on August 7, 1998, as he was present in the courtroom. The objection he notes he interposed to the court's reimposition of the consecutive sentences is reflected in the resentencing transcript. In addition, he avers in a certification submitted with his notice of appeal that although he "recalled being informed that [his] aggregate sentence was thirty years to life plus a nine year with a four year parole disqualifier for certain persons consecutive," he "was informed several years ago that all of [his] sentences were consecutive and that [his] aggregate sentence is thirty eight years to life." Terry also filed a habeas petition in federal court in 2011 arguing his sentence is illegal. Terry VIII, slip op. at 5.

We are accordingly satisfied Terry has long since been aware he was resentenced to an aggregate term of forty-five-and-a-half years to life with a thirty-eight year parole disqualifier on remand in 1998, notwithstanding his claim that he was only provided with the amended judgment of conviction in

10

2019, and he simply failed to timely file a direct appeal. His current appeal of his claimed excessive sentence is not cognizable on PCR or as a motion to correct an illegal sentence, see Acevedo, 205 N.J. at 47, and as the resentencing transcript establishes he was advised of his right to appeal his new sentence, his direct appeal of the sentence imposed on remand is time-barred pursuant to Rule 2:4-1(a).

Further, even were we to find Terry's interruption of the judge as he was advising Terry of his appellate rights rendered Terry unadvised, which we don't, defendant's appeal would still be time-barred pursuant to the Supreme Court's holding in State v. Molina, because it was filed more than five years after the date of his resentencing. 187 N.J. 531, 536 (2006) (holding a defendant not advised of his right to appeal as provided by R. 3:21-4(h), "is entitled to as within time relief provided the sentencing transcript confirms that he was not advised of his right to appeal under the Rule, and his application for leave to appeal as within time is filed no later than five years from the date of his sentencing").

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1495-19