# United States Court of Appeals
## For the First Circuit

No. 17-1340

UNITED STATES OF AMERICA,

Appellee,

v.

PRIMO TOSI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Thompson, Boudin, and Barron,
Circuit Judges.

Clifford B. Strike and Strike, Gonzales & Butler Bailey on
brief for appellant.
Halsey B. Frank, United States Attorney, and Julia M. Lipez,
Assistant United States Attorney, on brief for appellee.

July 24, 2018

**BOUDIN, <u>Circuit Judge</u>**.   Primo Tosi was convicted of possessing a firearm while subject to a qualifying court order. 18 U.S.C. § 922(g)(8).   After pleading guilty, the only issue on appeal is Tosi's sentence.

On May 16, 2016, officers of the Scarborough, Maine Police Department received a call from a woman who said that, the night before, Tosi put a pillow over her face, pressed a firearm up against the pillow, and said "bang, bang."

During a search of Tosi's residence, police found a Remington 12-gauge shotgun.   At the time of the incident, Tosi was subject to a state court order aimed at protecting his child and his child's mother.   Tosi pled guilty to a one-count information, charging him with violating 18 U.S.C. § 922(g)(8) based on his possession of the shotgun.

The Probation Office's pre-sentence report ("PSR") proposed a total offense level of twelve--which included a two-level decrease for the defendant's acceptance of responsibility--and a criminal history category ("CHC") of III, resulting in an initial guideline range of fifteen to twenty-one months.   U.S.S.G. §§ 2K2.1(a)(6)(A), 3E1.1(a); <u>id.</u> ch. 5, pt. A.

In its sentencing memorandum, the government argued for an upward departure as to Tosi's CHC--urging the court to adopt a CHC of V.   The government also sought an upward variance, ultimately requesting a term of sixty months' imprisonment.

- 2 -

Tosi, by contrast, sought a sentence below the PSR's recommended guideline range of fifteen to twenty-one months' imprisonment, downplaying his criminal past and citing his difficult family background, personal medical problems, and history of substance abuse. At the sentencing hearing, defense counsel repeated these arguments before suggesting that a sentence "within the [guideline range], or slightly below" would be appropriate.

The district court at sentencing adopted one of the government's proposals when it departed and assigned Tosi a CHC of V. The court refused, however, to vary upwards and instead sentenced Tosi to thirty-three months' imprisonment--a term at the top of, but still within, the range set by a final total offense level of twelve and CHC of V. Id. at ch. 5, pt. A.

On appeal, Tosi challenges his sentence on both substantive and procedural grounds, categories themselves somewhat elastic and defined in terms that can depart from common usage. See, e.g., United States v. Crespo-Ríos, 787 F.3d 34, 37 n.3 (1st Cir. 2015).

It simplifies the discussion without changing the outcome to assume that the alleged errors were all preserved and all subject to review under a deferential standard, see United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013)--save for certain specific issues raised for the first time in Tosi's

reply brief, which are barred, United States v. Carbajal-Váldez, 874 F.3d 778, 785 n.2 (1st Cir. 2017).  Such deference does not protect legal rulings, but no such legal errors are asserted here. See Flores-Machicote, 706 F.3d at 20.

Tosi alleges that the district court "haphazardly tossed aside" the 18 U.S.C. § 3553(a) factors without "due consideration" and failed to give significant weight to his mitigating personal characteristics.  But the district judge did address these factors before discussing how some of them, such as the nature of the offense--including the "domestic violence overlay"--and the need to "protect[] the public" applied to Tosi's sentence.

The court also took seriously the supposedly mitigating factors pressed by the defense, including Tosi's family and medical history, but concluded that while some of these factors explained Tosi's past conduct, a "risk of future conduct" also had to be given weight.  The defense says that the court should have more heavily focused on Tosi's employment record, management of his psychiatric issues, and alleged good relationship with his own children (we note that one of Tosi's protective orders was issued to protect his child and the child's mother).

Here, the district court weighed the mitigating factors carefully, concluding (to Tosi's benefit) that the threat Tosi poses was not so far above the average as to require a variant sentence above the guideline range.  Adopting the top of the fully

justified range (with a total offense level of twelve and CHC of V), but going scarcely over halfway to the government's goal, represented a compromise between factors weighing for and against Tosi. Here this compromise worked largely in Tosi's favor. This also answers fully Tosi's claim that the judge should have adopted a sentence below the guideline range.

A sentencing court is obliged to focus on the uniqueness of the individual person and case before it. United States v. Ayala-Vazquez, 751 F.3d 1, 31 (1st Cir. 2014) (citing Gall v. United States, 522 U.S. 38, 52 (2007)). The district judge did just that--properly and carefully conducting an individualized sentencing as required by case law. The judge's focus throughout was on Tosi's own conduct and history and was in no way abstract or mechanical.

Tosi attacks the choice of CHC V, claiming that the district court did not sufficiently justify the departure. The guideline resulting in the PSR's calculation of CHC III held down artificially Tosi's criminal history points by capping the count of one-point crimes to four points. U.S.S.G. § 4A1.1(c). As a result, Tosi's ten criminal history points, which would correspond to CHC V, were capped at six.

The Sentencing Guidelines state that an upward departure may be warranted when a defendant's CHC "substantially under-represents the seriousness of the defendant's criminal history or

the likelihood that the defendant will commit other crimes." Id. § 4A1.3(a)(1). After describing Tosi's "reoccurring pattern of convictions," the court found that a CHC of III indeed failed to reflect both Tosi's full criminal history and the likelihood that he would engage in future criminal conduct. That history included domestic violence incidents, violations of conditions of release, drug possession, and various other offenses.

Tosi raises some more specific procedural arguments in his reply brief--e.g., he complains that the district court upped his CHC to V without "cit[ing] reliable information indicating that [his] criminal history or likelihood to recidivate most closely resembles CHC V defendants rather than CHC IV or CHC III defendants." But, as already noted, arguments available at the outset but raised for the first time in a reply brief need not be considered. Carbajal-Váldez, 874 F.3d at 785 n.2.

Lastly, the sentence of thirty-three months falls easily "within the expansive universe of reasonable sentences." United States v. King, 741 F.3d 305, 308 (1st Cir. 2014) (citation omitted). Nothing in Tosi's arguments (which essentially rehash his already-rejected procedural-reasonableness claims) makes the choice of this within-guidelines sentence vulnerable.

Tosi was sentenced by a district judge who, buttressed by much experience, provided here a model of how to sentence a defendant, showing both skill and sensitivity in his conduct of

- 6 -

the proceeding and the calibration of his judgments.  Tosi has shown no error in his sentence.

**<u>Affirmed</u>.**