# United States Court of Appeals
## For the First Circuit

No. 22-1695

SANDRA ST. JOHN,

Petitioner,

v.

MERRICK B. GARLAND,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Kayatta, Lynch, and Montecalvo,
Circuit Judges.

Michael A. Ugolini for Petitioner.
Elizabeth M. Dewar, Trial Attorney, Office of Immigration
Litigation, with whom Brian M. Boynton, Principal Deputy Assistant
Attorney General, Civil Division, and Edward E. Wiggers, Senior
Litigation Counsel, were on brief, for Respondent.

September 19, 2023

**MONTECALVO, Circuit Judge**.  Petitioner Sandra St. John seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the Immigration Judge's ("IJ") denial of her statutory motion to reopen.[1]  St. John argues that the agency[2] committed legal error in concluding that her pending post-conviction motion to vacate did not disturb the finality of the challenged conviction for immigration purposes, and thus was not an adequate basis for reopening her proceedings.  We hold that the agency did not abuse its discretion in finding that St. John's pursuit of post-conviction relief neither destroys the finality of the underlying conviction for immigration purposes nor invalidates the basis for the removal order predicated on it.  St. John's petition is therefore denied.

## I.    Background

St. John came to the United States from Trinidad and Tobago in 1981 as a child.  She remained and, in 1990, became a

---

[1]    While the BIA and the IJ also denied St. John's motion to reopen her proceedings sua sponte, any challenge to the denial of sua sponte reopening has been waived.  St. John's opening brief merely argues (incorrectly) that we lack jurisdiction to review the denial of sua sponte reopening.  Her reply brief contains the first instance of any substantive development of the merits. Accordingly, because "[a]rguments available at the outset but raised for the first time in a reply brief need not be considered," United States v. Tosi, 897 F.3d 12, 15 (1st Cir. 2018), we do not address the denial of sua sponte reopening in St. John's appeal.

[2]    We refer to the BIA and the IJ collectively as the "agency."

- 2 -

lawful permanent resident. Decades later, St. John was convicted in Hampden County Superior Court of several felonies, including, as relevant here, "mayhem," in violation of Massachusetts General Laws ch. 265, § 14, for breaking into a woman's home and assaulting her with hot cooking oil.[3] She appealed, and the convictions were subsequently affirmed by the Massachusetts Appeals Court on June 15, 2012. A few months later, the Department of Homeland Security ("DHS") initiated removal proceedings against St. John based on the mayhem conviction, charging her as removable pursuant to 8 U.S.C. § 1227(a)(2)(iii) for committing an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F). On November 18, 2013, after several failed attempts at securing counsel, St. John appeared pro se from a corrections facility for her merits hearing. Before the IJ, she conceded that the mayhem conviction rendered her removable, but insisted that she had been wrongfully convicted and asked what would happen if her conviction were overturned. In response, the IJ explained that St. John would no longer be removable if the state court vacated her conviction. At the end of the hearing, St. John was found removable as charged, and the IJ ordered her removed to Trinidad and Tobago. St. John did not appeal the order of removal, which soon after became final.

---

[3] St. John's daughter shares a father with the victim's daughter. At trial, the government presented St. John and the victim as romantic rivals.

On December 31, 2021, St. John completed her criminal sentence and was released directly into U.S. Immigration and Customs Enforcement ("ICE") custody pursuant to an immigration detainer associated with her final order of removal. See 8 U.S.C. § 1226(c); 8 C.F.R. § 287.7.

After going into ICE custody, St. John engaged counsel, who, on September 13, 2021, filed a motion in the Massachusetts Superior Court asking it to vacate her conviction and grant a new trial ("motion to vacate") on the grounds of ineffective assistance of counsel, pursuant to Massachusetts Rule of Criminal Procedure 30(b).

St. John believed her motion to vacate had rendered the mayhem conviction nonfinal for immigration purposes, thereby invalidating the basis for her removability. On this theory, St. John moved for reopening of her removal proceedings, termination of those proceedings, and a stay of removal.[4] About a week later, on January 14, 2022, the IJ provisionally granted the stay of removal pending resolution of St. John's requests for reopening. On March 3, 2022, the IJ denied, without prejudice, St. John's statutory motion to reopen and her request for reopening sua sponte. The IJ's orders permitted St. John to refile for reopening

---

[4] St. John also filed a motion to terminate her removal proceedings, which the IJ denied on January 14, 2022. She has not sought review of that decision.

- 4 -

if her convictions were later overturned, but vacated the IJ's initial stay of removal. If the conviction were to be vacated, the IJ noted, "the stay w[ould] be re-visited." St. John, represented by counsel, appealed.

On August 22, 2022, the BIA dismissed the appeal, having found "no reason to disturb the Immigration Judge's decision." The BIA concluded that St. John's likelihood of success on her motion to vacate, almost ten years after the appellate court had affirmed her convictions, was "purely speculative." It therefore agreed with the IJ's decision to deny the motion, observed that the motion was untimely, and held that St. John had failed to show the exceptional circumstances necessary for sua sponte reopening. Affirming the IJ, the BIA added that St. John would remain removable subject to her mayhem conviction unless and until it should be vacated.[5] Finally, the agency, citing its prior decisions, followed the rule that a post-conviction motion does not render a conviction non-final, and so could not justify a stay of removal proceedings. St. John timely petitioned this court for review.

---

[5] On March 28, 2023, while this petition was pending, a Massachusetts Superior Court judge denied St. John's motion for a new trial. St. John appealed that decision to the Massachusetts Appeals Court. The parties have submitted briefing on the issue and oral argument has been scheduled for October 11, 2023. See United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005) ("[W]e can take judicial notice of state court records.").

- 5 -

## II. Discussion

We review the denial of a motion to reopen for abuse of discretion. Thompson v. Barr, 959 F.3d 476, 479-80 (1st Cir. 2020); see Guerrero v. Holder, 766 F.3d 122, 126 (1st Cir. 2014). To satisfy this standard, the petitioner must demonstrate that the agency either "committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way" in denying the motion. Cabas v. Barr, 928 F.3d 177, 181 (1st Cir. 2019) (quoting Xue Su Wang v. Holder, 750 F.3d 87, 89 (1st Cir. 2014)). This analysis "necessarily hinges on the facts and circumstances of each particular case," but to guide the process, "we have explained that the BIA may abuse its discretion 'by neglecting to consider a significant factor that appropriately bears on the discretionary decision, by attaching weight to a factor that does not appropriately bear on the decision, or by assaying all the proper factors and no improper ones, but nonetheless making a clear judgmental error in weighing them.'" Sihotang v. Sessions, 900 F.3d 46, 50 (1st Cir. 2018) (quoting Murillo-Robles v. Lynch, 839 F.3d 88, 91 (1st Cir. 2016)).

Noncitizens have a statutory right to file one motion to reopen within ninety days of a removal order's becoming final, with a few delineated exceptions. 8 U.S.C. § 1229a(c)(7)(C);

- 6 -

8 C.F.R. § 1003.2(c). Neither party contends that a statutory exception applies here.[6]

On appeal to the BIA, St. John argued that her "statutory motion to reopen should [have] be[en] granted since there is overwhelming evidence that she is completely innocent of the charges that were the basis of the removal order." But the BIA was unpersuaded. It too explained that a conviction remains final for immigration purposes, and further noted that the IJ's denial of St. John's statutory motion was appropriate because the motion was untimely.

Before us, St. John argues that the agency has misconstrued what it takes to render a conviction non-final for immigration purposes. She argues that the agency's denial of her motion rests on the erroneous legal conclusion that unless and until her conviction is vacated, she is not eligible for relief from its immigration consequences.

DHS contests, for several reasons, our jurisdiction and ability to review St. John's challenge to the agency's decision to deny her motion to reopen. DHS specifically argues that St. John's

---

[6] In addition to satisfying these procedural hurdles, a successful motion to reopen must: (1) "introduce new, material evidence that was not available or discoverable" at the original merits hearing and (2) "present a prima facie case of eligibility for the relief sought." Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013).

claims were not exhausted, as required by 8 U.S.C. § 1252(d)(1), and that they do not raise "colorable constitutional claims and questions of law" that would permit judicial review under § 1252(a)(2)(D).

On the exhaustion issue, according to the government, St. John never argued before the agency that her pending motion for a new trial in state court negated the finality of her convictions for immigration purposes. The government also argues that St. John's failure to file a motion for reconsideration of the BIA's decision means that her argument that the agency had engaged in impermissible fact-finding was not exhausted. That second aspect of the government's argument is, concededly, precluded by the Supreme Court's decision in Santos-Zacaria v. Garland, 598 U.S. 411 (2023), which held that, because reconsideration is not available "as of right," 8 U.S.C. § 1252(d)(1), a petitioner is not required to pursue it in order to exhaust their remedies. Santos-Zacaria, 598 U.S. at 425.

On the different jurisdictional issue of whether St. John presents "constitutional claims or questions of law" under 8 U.S.C. § 1252(a)(2)(D), the government disagrees with St. John's argument that the agency's reasoning necessarily implicated legal error.[7]

---

[7] St. John argues that the BIA engaged in improper fact finding in concluding her motion to reopen was time-barred. But

We need not express a view on these procedural arguments. Consistent with our approach in other immigration cases, we may bypass these complex statutory jurisdictional questions when, assuming that St. John's claims are reviewable, her petition clearly fails on the merits. See Alvarado v. Holder, 743 F.3d 271, 276 (1st Cir. 2014) ("Here, the question of whether we possess statutory jurisdiction under 8 U.S.C. § 1252(a)(2)(D) is not easily answered, but the outcome on the merits is quite straightforward. Thus, without further ado, we pass over the jurisdictional issue and press on with the substance of petitioner['s] claims."); see also Tacuri-Tacuri v. Garland, 998 F.3d 466, 472 (1st Cir. 2021) ("Fortunately, we need not decide [petitioner's jurisdictional argument] because, as this Court has done before when statutory jurisdiction is ambiguous but the merits are straightforward, we bypass the jurisdictional issue and explain why the merits hold no water.").

---

DHS says the BIA never made a finding as to whether the motion was time-barred, and that the agency simply noted the incontrovertible fact that the motion was "untimely" in the sense that it was filed outside the statutory 90-day window. St. John does not dispute the motion was out-of-time, but argues it was still timely because the IJ found the deadline equitably tolled. But we need not, and do not, reach the merits of this argument because our decision today affirms the agency's denial on independent grounds. As such, the timeliness of the motion is not outcome determinative; any error bearing on that analysis would be harmless. We see no reason to go any further.

For immigration purposes, a conviction becomes final when the defendant exhausts or waives the right to direct appellate review. Matter of J. M. Acosta, 27 I&N Dec. 420, 432 (BIA 2018). Because St. John exhausted her rights to direct appellate review, it is undisputed that her conviction was final for immigration purposes when she was ordered removed in 2013.

The question here is whether the agency abused its discretion in declining to reopen an order of removal based on final criminal convictions, where the sole basis argued is that otherwise final state convictions are undergoing post-conviction attack in state courts. In St. John's view, her collateral attack on the merits of the convictions reverted the procedural posture of her criminal case to one that is "no different than that of a[] [noncitizen] whose conviction is being appealed" directly, thereby undermining their finality. In the agency's view, that argument is foreclosed by its prior decisions holding that "collateral attacks . . . do not operate to negate the finality of [the] conviction unless and until the conviction is overturned."[8] Matter

--------

[8] St. John argues that those decisions were implicitly overruled by the BIA's dicta in Matter of J. M. Acosta that "[a]ppeals, including direct appeals, and collateral attacks that do not relate to the underlying merits of the conviction will not be given effect to eliminate the finality of the conviction." 27 I&N Dec. 420, 433 (2018). Reasoning by negative implication, St. John argues that collateral attacks that do relate to the conviction's underlying merits should render the conviction non-final under Acosta. "The force of any negative implication, however, depends on context." Marx v. Gen. Revenue Corp., 568

- 10 -

of Madrigal, 21 I&N Dec. 323, 327 (BIA 1996); see also Matter of Onyido, 22 I&N Dec. 522, 555 (BIA 1999) ("The availability of post-conviction motions or other forms of collateral attack does not affect the finality of a criminal conviction for immigration purposes, unless and until the conviction has been overturned pursuant to such a motion."). The BIA's rule accords with federal courts' distinct treatment of post-conviction motions versus direct appeals as of right, which underscores its reasonableness.

Most centrally, we do not consider a conviction final when it is on direct appeal. See United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994) ("'[T]he interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits' of an appeal." (quoting United States v. Moehlenkamp, 557 F.2d 126, 128 (7th Cir. 1977))). This is reflected in the rule that a conviction is not final for immigration purposes until all rights to direct appellate review have been exhausted or waived. Acosta, 27 I&N Dec. at 432 ("[A] conviction does not attain a sufficient degree of finality for

U.S. 371, 381 (2013). Here, the inference is particularly weak because the statement was made in the context of discussing the difference between challenges to the merits of a conviction versus other types of challenges (e.g., "to alleviate immigration hardships"), and no consideration was paid to the question of post-conviction relief generally. Acosta, 27 I&N Dec. at 433. In any case, the agency was not required to follow this permissible but not mandatory negative implication of Acosta's dicta, and its choice to reconcile that case with its prior, on-point decisions was reasonable.

- 11 -

immigration purposes until the right to direct appellate review on the merits of the conviction has been exhausted or waived.").  A motion for post-conviction relief, on the other hand, attacks an already final conviction, one that remains final throughout the pendency of the challenge, unless and until relief is granted and the conviction overturned.  So too does it remain final for immigration purposes.  See id.  We therefore discern no abuse of discretion in the agency's denial of St. John's statutory motion to reopen.

### III. Conclusion

For the foregoing reasons, St. John's petition for review is **denied**.