# Matter of Aldwin Junior BRATHWAITE, Respondent

*Decided October 23, 2023*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Because an appeal accepted under section 460.30 of the New York Criminal Procedure Law is classified as a direct appeal, a respondent with a pending appeal under this section does not have a final conviction for immigration purposes. *Brathwaite v. Garland*, 3 F.4th 542 (2d Cir. 2021), followed.

FOR THE RESPONDENT: John H. Peng, Esquire, Albany, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Amanda Ayers, Associate Legal Advisor

BEFORE: Board Panel: GREER and SAENZ, Appellate Immigration Judges; PEPPER, Temporary Appellate Immigration Judge.

GREER, Appellate Immigration Judge:

The United States Court of Appeals for the Second Circuit remanded this case to the Board to address the finality of the respondent's criminal convictions under section 101(a)(48)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(48)(A) (2018), and to reassess whether he is removable as charged. *Brathwaite v. Garland*, 3 F.4th 542 (2d Cir. 2021). The respondent filed a motion to terminate his removal proceedings. The Department of Homeland Security ("DHS") opposes the motion. The motion will be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Trinidad and Tobago and a lawful permanent resident of the United States. DHS served the respondent with a notice to appear alleging that on January 31, 2018, he was convicted of multiple offenses including identity theft, larceny, and possession of stolen property in violation of New York law. DHS charged the respondent with removability under sections 237(a)(2)(A)(ii) and 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii), (iii) (2018), for having been convicted of two or more crimes involving moral turpitude and an aggravated felony, respectively.

The respondent filed a motion to terminate, arguing that his convictions were not final for immigration purposes under section 101(a)(48)(A) of the INA, 8 U.S.C. § 1101(a)(48)(A), because a New York court had granted his motion for leave to file a late notice of appeal under section 460.30 of the New York Criminal Procedure Law. The Immigration Judge determined that because DHS established the respondent had been convicted of the alleged offenses and the initial time for filing a direct appeal had passed, a presumption arose that the convictions were final for immigration purposes under *Matter of J. M. Acosta*, 27 I&N Dec. 420, 432 (BIA 2018). She also determined that the respondent did not carry his burden of rebutting the presumption by producing evidence that he had filed a timely appeal that relates to his guilt or innocence or concerns a substantive defect in the criminal proceedings. *See Matter of J. M. Acosta*, 27 I&N Dec. at 432. We dismissed the respondent's appeal from this decision, concluding that the Immigration Judge properly applied *Matter of J. M. Acosta*.

The Second Circuit granted the ensuing petition for review and remanded the case for further proceedings. *Brathwaite*, 3 F.4th at 555. On remand, the respondent filed a motion to terminate, asserting in both his motion and appellate brief that his criminal appeal remains outstanding under New York criminal appellate process. How to evaluate the finality of a criminal conviction in the wake of *Brathwaite* is a legal issue that we address de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2023).

## II. SECOND CIRCUIT'S DECISION

In its decision remanding this case, the Second Circuit concluded that section 101(a)(48)(A) of the INA, 8 U.S.C. § 1101(a)(48)(A), is ambiguous about whether finality is required to support a charge of removability. *Brathwaite*, 3 F.4th at 548–52. Applying *Chevron, U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–45 (1984), the court concluded that our interpretation of "conviction" in *Matter of J. M. Acosta*, 27 I&N Dec. at 431–32, was reasonable, in that a conviction does not support removability until the right to direct appellate review has been waived or exhausted. *Brathwaite*, 3 F.4th at 552–53.

However, the court concluded that our burden-shifting regime and evidentiary requirements were unreasonable in the context of the appellate process for criminal convictions under New York law. *Id.* at 553–55. The court explained that a New York defendant "may file a written notice of appeal with the clerk of the criminal court within 30 days of the judgment from which an appeal is sought." *Id.* at 554 (citing N.Y. Crim. Proc. Law § 450.10 (McKinney 2021)). Alternatively, if "that initial time period expire[s], a defendant may seek the permission of an intermediate appellate

court to file a late notice of appeal" within 1 year of the initial deadline. *Id.* (citing N.Y. Crim. Proc. Law § 460.30(1) (McKinney 2021)). Thus, in practice, a "motion for a late notice of appeal may be filed within [1] year and [30] days of the criminal judgment." *Id.* The Second Circuit described such late filings as "a matter of course in New York" and stated that "New York courts treat appeals taken by written notice of appeal and those taken by a granted [section] 460.30 motion as identical." *Id.*

In rejecting the burden-shifting regime and evidentiary requirements in *Matter of J. M. Acosta*, the Second Circuit explained that requiring a respondent to show that the appeal challenges the conviction on the merits at the initial stage of filing a motion under section 460.30 of the New York Criminal Procedure Law created "significant practical problems" that made it "frequently impossible" for a respondent to comply. *Id.* at 554. Specifically, the court observed that once a New York court accepts a motion to file a late notice of appeal, an indigent criminal defendant will be provided appellate counsel, who will be afforded time to review and analyze the trial record. *Id.* Both the appointment of counsel and the production of the criminal court record "can take considerable time." *Id.*[1]

## III. ANALYSIS

Pursuant to the Board's interpretation of section 101(a)(48)(A) of the INA, 8 U.S.C. § 1101(a)(48)(A), as affirmed by the Second Circuit, a conviction does not support removability until it is final, meaning that the right to direct appellate review has been waived or exhausted. *See Brathwaite*, 3 F.4th at 552–53 (affirming the Board's conclusion in *Matter of J. M. Acosta*, 27 I&N Dec. at 431, that in enacting section 101(a)(48)(A), Congress intended to incorporate the finality rule of *Matter of Ozkok*, 19 I&N Dec. 546, 552 n.7 (BIA 1988)). Determining whether direct appellate review has been waived or exhausted requires analysis under the criminal procedure laws of the convicting State.

Despite reversing the rule in *Matter of J. M. Acosta*, the Second Circuit did not reach whether other limits on finality relating to a request for a late-filed appeal under section 460.30 of the New York Criminal Procedure Law might be imposed. *See Brathwaite*, 3 F.4th at 553–54. DHS therefore

---

[1] The court emphasized that these delays are inherent to New York criminal process, because "the criminal appeals process in New York proceeds at a different pace than federal removal proceedings." *Brathwaite*, 3 F.4th at 554. Unlike New York, the late-filed appeal procedures in other States generally have shorter deadlines and may be classified as discretionary in nature. *See Matter of J. M. Acosta*, 27 I&N Dec. at 432 n.12. A significant number of jurisdictions provide for an automatic waiver of the direct appeal upon failing to meet the filing deadline. *Id.*

proposes that we adopt a rule requiring a respondent either show that the accepted, direct appeal is merits-based upon completion of adjudication or have demonstrated diligence in filing and pursuing it. The respondent asserts that the proposed rule would engender many of the same problems stemming from the "realities of appellate practice" in New York that the Second Circuit identified when invalidating the rule in *Matter of J. M. Acosta*. *Id.* at 554.

We recognize DHS' concerns about delays in the New York criminal process and differing outcomes nationally depending on the criminal procedure statutes in different States. However, DHS' proposal is at odds with the court's explanation of New York's appellate process set forth in *Brathwaite*. The Second Circuit clearly stated that a motion to file a late notice of appeal under section 460.30, once accepted by the New York court, is deemed the equivalent of a timely-filed direct appeal. *Id.* We find no authority supporting a qualification on the characteristics of a direct appeal as of right.

Further, a motion for leave to file a late notice of appeal "must be made with due diligence after the time for the taking of such appeal has expired." N.Y. Crim. Proc. Law § 460.30(1) (McKinney 2019). A New York court that has granted such a motion has therefore necessarily concluded that the defendant proceeded with due diligence, even if the motion was filed the maximum 1 year and 30 days after the conviction. We cannot substitute our judgment in that regard.

In removal proceedings, DHS has the burden of establishing by clear and convincing evidence that a respondent who has been admitted to the United States is deportable. INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A) (2018); 8 C.F.R. § 1240.8(a) (2023); *accord Matter of Thomas and Thompson*, 27 I&N Dec. 674, 690 (A.G. 2019). Multiple grounds of removability under section 237 of the INA, 8 U.S.C. § 1227, require DHS to show that a respondent has been convicted of a criminal offense. The definition of "conviction" under section 101(a)(48)(A) of the INA, 8 U.S.C. § 1101(a)(48)(A), requires that the respondent's conviction be final, meaning that the right to direct appellate review has been waived or exhausted. *Brathwaite*, 3 F.4th at 553; *Matter of J. M. Acosta*, 27 I&N Dec. at 431–32. Thus, because an appeal accepted under section 460.30 of the New York Criminal Procedure Law is classified as a direct appeal, a respondent with a pending appeal under this section does not have a final conviction for immigration purposes.

Our analysis applies only to section 460.30 of the New York Criminal Procedure Law based on its classification as a direct appeal of right under controlling precedent. This appeal is distinct from discretionary appeals beyond the first appeal of right in New York. *See generally* N.Y. Crim. Proc. Law §§ 450.90, 460.10(5), 460.20 (McKinney 2023) (discussing the

availability and procedure for appeals by permission to the New York Court of Appeals). Our holding also does not extend to other States' criminal procedure laws. For example, in *Matter of Polanco*, 20 I&N Dec. 894, 895, 897 (BIA 1994), we considered whether Polanco's conviction was final for immigration purposes where he sought permission to file a late appeal pursuant to a discretionary process through which a New Jersey appellate court may accept an appeal nunc pro tunc after the expiration of the statutory period for filing a direct appeal as of right.

*Matter of Polanco* held that a respondent who has either waived or exhausted the right to a direct appeal of conviction is subject to removal, and the potential for discretionary review "will not prevent the conviction from being considered final for immigration purposes . . . [because] it would be unreasonable to delay the proceedings on the basis of the availability of post-conviction review that is not limited by any time constraints." *Id.* at 896. Our holding that a conviction lacks finality for immigration purposes during the pendency of an appeal accepted under section 460.30 of the New York Criminal Procedure Law is distinguishable from the scenario analyzed in *Matter of Polanco* in which finality was not disturbed after the initial direct appeal period had expired.

A direct appeal as of right under section 460.30 of the New York Criminal Procedure Law is likewise distinct from deferred adjudications or post-conviction relief, including vacaturs and expungements. *Cf. Matter of Dingus*, 28 I&N Dec. 529, 534–36 (BIA 2022) (following *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), and holding that post-conviction vacaturs are valid for immigration purposes if based on a substantive or procedural defect in the underlying proceedings); *Matter of Roldan*, 22 I&N Dec. 512, 521–23 (BIA 1999) (addressing post-conviction measures for rehabilitative purposes). A motion for post-conviction relief challenges a conviction that is already final. *See, e.g.*, *St. John v. Garland*, 82 F.4th 42, 47 (1st Cir. 2023) (affirming the Board's denial of a motion to reopen an order of removal based on final criminal convictions where the convictions were undergoing post-conviction attacks in State courts). A conviction thus remains final for immigration purposes throughout any post-conviction challenges. *Id.*

This decision does not preclude the removal of respondents whose appeals of criminal convictions remain pending but who are removable on alternative grounds, such as overstaying an immigrant visa. Immigration Judges may also consider evidence regarding convictions that remain on appeal in determining eligibility for discretionary relief from removal. *See Matter of Thomas*, 21 I&N Dec. 20, 23–24 (BIA 1995) (holding that evidence of unfavorable conduct that has not culminated in a final conviction under

the INA may be considered in determining whether an applicant merits discretionary relief).

## III.  CONCLUSION

The respondent timely exercised his right to file a motion for leave to file a late notice of appeal under section 460.30 of the New York Criminal Procedure Law.  The motion was accepted by the New York appellate court. Once the court granted his motion, he stood in the same position as a New York defendant who filed a direct appeal within 30 days of a criminal judgment.  *See Brathwaite*, 3 F.4th at 554.  Therefore, the respondent's criminal convictions are not final.  We will grant the respondent's motion to terminate these removal proceedings without prejudice.[2]  Should DHS obtain evidence that the respondent's convictions have become final, it may initiate removal proceedings against him with charges based on those convictions.[3]

**ORDER:**  The motion to terminate is granted and removal proceedings are terminated without prejudice.

---

[2]  We emphasize that a respondent who missed the initial appeal deadline and has not yet filed a motion for leave to file a late notice of appeal under section 460.30 remains subject to a final conviction.  Similarly, if the motion has been filed but not accepted, the respondent's conviction is final at that stage for purposes of removal proceedings.

[3]  DHS asserts that it may be unable to obtain information about pending appeals due to privacy protections or prohibitions on disclosures, as it is not a party to a respondent's criminal proceedings.  However, once adjudication of the appeal is completed, the information is available to DHS.  *See, e.g.*, *Matter of F-R-A-*, 28 I&N Dec. 460, 466 n.5 (BIA 2022) (recognizing that DHS provided evidence that the respondent's criminal appeal had been dismissed).