Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 23-1631

UNITED STATES OF AMERICA,

Appellee,

v.

KENNETH GIANATASIO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Gelpí, Thompson, and Kayatta,
Circuit Judges.

Christine DeMaso, Assistant Public Defender, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with
whom Leah B. Foley, United States Attorney, was on brief, for
appellee.

November 4, 2025

**THOMPSON, Circuit Judge.**

**Overview**

Kenneth Gianatasio pleaded guilty to one count of distributing child pornography and two counts of possessing child pornography. The statute for the distribution count carries a minimum of 5 years (60 months) and a maximum of 20 years (240 months) in prison. And the statute for the possession counts carries a maximum of 20 years (240 months) in prison. The sentencing guidelines suggested a prison term between 210 and 262 months. But after (among other things) disagreeing with the policy judgments behind the child-pornography guidelines, the district judge imposed a sentence of 144 months (12 years), concurrent on all counts.

Despite getting 66 months (*5½ years*) *below the bottom* of the guidelines range, Gianatasio challenges that sentence as procedurally and substantively unreasonable.[1] Because it is neither, we let the sentence stand — relating only what's necessary to our analysis (per our usual practice when penning not-for-publication opinions). See generally United States v. Tavares, 705 F.3d 4, 24 (1st Cir. 2013) (explaining that we review

_____

[1] The parties' plea agreement pertinently said that Gianatasio waived his right to appeal "a prison sentence of *102 months or less*" (emphasis ours). So the waiver-of-appeal clause doesn't block this appeal, as he notes (with no contradiction by the government).

- 2 -

preserved procedural- and substantive-reasonableness challenges for abuse of discretion and unpreserved ones (if not waived) for plain error).

**Procedural Reasonableness**

Gianatasio (for the first time on appeal) faults the judge for considering his confessions to the FBI (including during a taped interview) — which he repeated to a roommate and a defense psychologist — that he had taken and distributed a photo showing one of his sleeping daughters holding his exposed penis (he wasn't charged with producing child pornography because law enforcement never found the image).[2] Calling his statements "uncorroborated" and thus "unreliable," he insists that the judge had no business weighing "this alleged conduct as a factor" against him. Like the government, we disagree.

Gianatasio's confessions appeared center stage in probation's presentence report and in the government's sentencing memo. But he *never* disputed the confessions' reliability or denied what he had copped to — either in responding to those filings or in reacting to the judge's sentencing comments that "[t]here's a place for what happened with his own daughter in the overall consideration," though "it would be a mistake to have that drive

---

[2] To quote Gianatasio's sentencing memo, "[h]e volunteered that on a single occasion . . . he had taken a picture of his sleeping daughters after having placed one of their hands on his penis."

- 3 -

the sentence" because he wasn't "charged with it." Just the opposite, actually. Playing up his confessions, Gianatasio pushed the judge to see them as evidence of his "voluntarily disclos[ing] every aspect of his behavior" involving "some of the most serious features law enforcement would not have discovered" — "extraordinary" acts of candor and contrition meriting (in his opinion) "a sentence sharply below the guideline[s] sentencing range." And the judge endorsed that argument, calling Gianatasio's frank confessions a key mitigating factor that helped get him a sentencing break.[3]

---

[3] We pull some snippets from the record: (*a*) Talking to defense counsel, the judge said that Gianatasio's confessions are "something to consider, as you brought to my attention, his willingness to give a statement — continuing statements on a few occasions and the length and detail included in his statement[s]." (*b*) The judge later added, "And I do think he deserves a little more factoring in of acceptance, given the nature of his full and complete confessions." Noting that the government asked the judge to treat the situation involving Gianatasio's daughter as a "plus factor" in sentencing, defense counsel responded that "this extra added factor . . . is something [the government] would never have known about." "I get that," the judge said, "[b]ut just because he's the one who said it doesn't — it's still criminal." "Absolutely," defense counsel replied. (*c*) After calling the guidelines for child pornography cases "unrealistically high," the judge — in running through the applicable sentencing factors, see 18 U.S.C. § 3553(a) — explained that Gianatasio's "willingness to admit to what he had done . . . brought [the] calculation of the number down, favoring . . . Gianatasio." And (*d*) on the statement-of-reasons form explaining the sentence, the judge wrote:

> Court imposed a sentence outside of and
> below the advisory guideline[s] system due to
> consideration of 18 U.S.C. [§] 3553(a)
> factors, to include:    the guideline
> calculation inflates the actual crimes

So Gianatasio's procedural-reasonableness argument is at least forfeited (if not waived) and reviewed at most (if at all) for plain error.  See generally United States v. Sánchez-Berríos, 424 F.3d 65, 74 (1st Cir. 2005) (noting that "a waived issue ordinarily cannot be resurrected on appeal, whereas a forfeited issue may be reviewed for plain error" (quoting United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002))).  But we'll assume (favorably to him) that the plain-error standard governs.  See, e.g., United States v. Acevedo-Sueros, 826 F.3d 21, 24 (1st Cir. 2016) (stating that "[w]here a defendant's claim . . . would fail even if reviewed for plain error, we have often declined to decide whether the . . . failure to raise the issue below constituted waiver or mere forfeiture").

Still, proving plain error is no easy thing.  See, e.g., United States v. Cruz-Ramos, 987 F.3d 27, 44 (1st Cir. 2021).  To do it, Gianatasio must show not just an error but one that's clear (meaning *unquestionably wrong* given *binding authority*), which

committed, *the defendant's high level of contrition as evidenced by his detailed interviews with investigators*, his extraordinary attempts at post-offense rehabilitation, and the information provided by the Sentencing Commission's Judiciary Sentencing Information (JSIN) data.

We added the emphasis, by the way.  And as a heads up, we'll have more to say about the JSIN data in the substantive-reasonableness section.

implicates his substantial rights (meaning he's *worse off*) and would seriously affect the essential fairness of the sentencing process if not corrected. See, e.g., United States v. Fargas-Reyes, 125 F.4th 264, 270 (1st Cir. 2025). Attempting to satisfy this "heavy burden," see United States v. Correia, 55 F.4th 12, 41 (1st Cir. 2022), he cites cases reciting some uncontroversial points — like "a *conviction* must rest upon firmer ground than the uncorroborated admission or confession of the accused," see Wong Sun v. United States, 371 U.S. 471, 488-89 (1963) (emphasis added), and judges "must take pains to base sentencing judgments upon *reliable and accurate information*," see United States v. Tavano, 12 F.3d 301, 305 (1st Cir. 1993) (emphasis added). But he cites no controlling case barring the judge from relying on confessions *he himself* relied on — treating them as truthful and reliable *when it suited him* — in making arguments that helped secure a sentence *many years below* the bottom of the guidelines range. Which plainly isn't the stuff of a winning plain-error claim. See, e.g., United States v. McCullock, 991 F.3d 313, 317, 318 (1st Cir. 2021) (holding that a plain error is one so "glaring[]" given binding law "that the judge should have acted without an objection from counsel," stressing too that the plain-error standard discourages "'sandbagging by lawyers' — '*i.e.,* their keeping mum about an error, pocketing it for later just in case' things do not work out in the district court — and 'gives judges the chance to fix' any

- 6 -

problem so cases do not needlessly bounce back and forth between district and circuit courts" (quoting United States v. Correa-Osorio, 784 F.3d 11, 22 (1st Cir. 2015))).

## Substantive Reasonableness

As previewed above, Gianatasio also dubs the judge's well-outside-of-and-below-the-guidelines-range                sentence substantively unreasonable (that is, *too long*, in nonlawyer speak) — an argument that's typically "a tough sell" since there's "no 'perfect sentence,' but, instead, 'a wide universe of supportable sentencing outcomes.'" See United States v. Munyenyezi, 781 F.3d 532, 542 (1st Cir. 2015) (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014)). Again like the government, we find that none of his arguments can carry the day for him.[4]

1

Gianatasio (again for the first time on appeal) criticizes the judge for considering statistics from the JSIN

_____

[4] Caselaw says that when a judge "essays a substantial downward variance from a properly calculated guideline sentencing range, a defendant's claim of substantive unreasonableness will generally fail." United States v. Floyd, 740 F.3d 22, 39-40 (1st Cir. 2014); accord United States v. Irizarry-Sisco, 87 F.4th 38, 52 (1st Cir. 2023); see also United States v. Azor, 881 F.3d 1, 13 (1st Cir. 2017) (remarking that "[a]s a sentence that falls within the guidelines range is presumed reasonable, [a]ppellant faces an uphill battle to convince the [c]ourt that his below-guidelines sentence was substantively unreasonable"). See generally United States v. Flores-Gonzalez, 86 F.4th 399, 421 n.12 (1st Cir. 2023) (equally divided en banc court) (opinion of Thompson, J.) (stating

platform, an online sentencing-data resource that "enables a user to obtain information about offenders sentenced under the same primary guideline." See United States v. Brewster, 116 F.4th 1051, 1055 (9th Cir. 2024) (quotations omitted), cert. denied, 145 S. Ct. 1148 (2025). As he sees it, the judge erred by using the JSIN data "without considering context that would have suggested a lower sentence, including the fact that [that] data included" persons "sentenced within the very guidelines the [judge] had rejected."[5]

Assuming Gianatasio forfeited the argument (as he believes) rather than waived it (as the government implies), we again hold that he hasn't shouldered his plain-error burden. That's because — while he cites caselaw rejecting a claim that a judge erred by not using national statistics to impose a lower

---

that "[a] variance is a non-guidelines sentence based on the judge's consideration of the § 3553(a) factors"), cert. denied, 145 S. Ct. 181 (2024). Gianatasio suggests that since the judge did what he did partly because of a policy disagreement with the guidelines, "it does not make sense" to apply a rule like this that's "based on" the "rejected" guidelines "framework." But he cites no authority and develops no argument explaining why he's right. So "we deem" the suggestion "abandoned." See United States v. Pinkham, 896 F.3d 133, 141 (1st Cir. 2018); see also Town of Norwood v. FERC, 202 F.3d 392, 405 (1st Cir. 2000) (repeating the long-standing rule that "developing a sustained argument out of . . . legal precedents" is a party's job, not ours).

[5] The government argues that Gianatasio's JSIN-based claim implicates procedural — *not* substantive — reasonableness. But that "makes no difference" because his claim isn't a needle-mover, "whether viewed in terms of procedural error or in terms of substantive reasonableness" (as we're about to show). See United States v. Ruperto-Rivera, 16 F.4th 1, 3 (1st Cir. 2021).

sentence, see United States v. Joubert, 778 F.3d 247, 256 (1st Cir. 2015) — he cites no binding law saying that the judge had to "remove[]" persons "receiv[ing] within and above guidelines sentences" from the JSIN data before using that data as *a* factor in crafting a sentence *significantly below* the bottom of the guidelines range. And because he hasn't flagged "binding on-point" authority "that adopts [his] argument," he can't pass plain-error muster here either. See, e.g., United States v. Langston, 110 F.4th 408, 419 (1st Cir.), cert. denied, 145 S. Ct. 581 (2024); United States v. Morosco, 822 F.3d 1, 21 (1st Cir. 2016) (holding that a contested ruling wasn't "within a country mile of plain error" when no contrary controlling authority existed); United States v. Jones, 748 F.3d 64, 70, 73 (1st Cir. 2014) (stressing that a plain error must be "indisputable," adding also that a "no-plain-error holding" isn't a "'ruling on the merits'" and so doesn't "whisper[] even the faintest hint of how we might someday rule" on a preserved challenge (quoting United States v. Caraballo-Rodriguez, 480 F.3d 62, 70 (1st Cir. 2007))).

2

Gianatasio also criticizes the judge for (supposedly) not "consider[ing]" his proposed "guidelines-based method of anchoring [the] sentencing determination," a method (he continues) that required the judge to "[e]xclud[e]" various "enhancements" under a guidelines provision for child-pornography

- 9 -

crimes — "enhancements . . . so ubiquitous as to do nothing to gradate culpability" (emphasis omitted).  He makes this argument even though the judge — after disagreeing with the guidelines on policy grounds — gave "a sentence" *way* "outside of and below the advisory guidelines system" based on the same basic concerns that he hypes.  Anyway, assuming (again favorably to him) that abuse-of-discretion review applies, we reject his argument for a straightforward reason.  Gianatasio talked up his proposed formula in a sentencing memo that the judge "reviewed" (to quote the judge at sentencing).[6]  So "we think it fair to infer that" the judge "*considered* and rejected" his method "rather than ignoring" it.  See United States v. Baptiste, 8 F.4th 30, 37 (1st Cir. 2021) (emphasis added); accord United States v. Pupo, 995 F.3d 23, 30 (1st Cir. 2021); Morosco, 822 F.3d at 24.

3

Gianatasio next argues that the judge plainly erred by relying on his photo-of-daughter confessions, a repackaged version of his just-rejected procedural-reasonableness claim that isn't a difference-maker here either.  See, e.g., United States v. Tosi, 897 F.3d 12, 15 (1st Cir. 2018) (rejecting substantive-

---

[6] Defense counsel recognized at sentencing that the judge had "read all" the relevant "materials."

reasonableness arguments that "essentially rehash[ed]" defendant's "already-rejected procedural-reasonableness claims").

4

Taking a different tack, Gianatasio accuses the judge of not properly considering his "cooperation and rehabilitation." He concedes that the judge — after hearing defense counsel discuss his (Gianatasio's) "extraordinary acceptance of responsibility and the documented rehabilitation that we have here" — bluntly said, "I absolutely am considering . . . rehabilitation" and "do think he deserves a little more factoring in of acceptance, given the nature of his full and complete confessions." He "has made" and "continues to make commendable efforts towards his rehabilitation," the judge later added, and "has accepted the criminality and wrongfulness of what he has done" — all of which "I have considered . . . in his favor," along with "the statement that he made." Convinced that the judge acted "inconsistent[ly]" by also voicing concern over his future dangerousness (he gave off "signals" that "he couldn't stop" his criminal doings, the judge stated), he contends that his cooperation and rehabilitation should've led to an *even lighter* sentence. But even assuming abuse-of-discretion review controls (as Gianatasio says it does, without correction by the government), the insuperable problem for him is that a judge's decision "not to attach to certain of the mitigating factors the significance that the appellant thinks they

deserved does *not* make the sentence [substantively] unreasonable." See United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011) (emphasis added).

5

Gianatasio last claims that his arguments viewed "as a whole" show his sentence is so extreme as to be substantively unreasonable. But having ruled that no single argument persuades, we have no trouble concluding that they fare no better collectively either.

**Ending**

We ***affirm*** Gianatasio's sentence.