**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2548-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY WILLIAMS,

    Defendant-Appellant.

_____

Submitted July 30, 2024 – Decided November 25, 2024

Before Judges Rose and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 08-03-0976.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gregory Williams appeals from an amended order in which the court denied his post-conviction relief (PCR) petition without conducting an evidentiary hearing. The court concluded defendant had failed to file a timely petition pursuant to Rule 3:22-12 and had not demonstrated a prima facie claim of ineffective assistance of counsel under the standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted under our State Constitution in State v. Fritz, 105 N.J. 42, 58 (1987). Perceiving no abuse of discretion or misapplication of the law, we affirm.

I.

Defendant was sixteen years old when he participated in a convenience-store robbery and fatal stabbing. He was subsequently charged with conduct that, if committed by an adult, would constitute, among other offenses, the crime of murder. After a first waiver hearing was dismissed, a Family Part judge on the State's motion conducted a second waiver hearing, found probable cause to justify waiver of the Family Part's jurisdiction over defendant, and referred this matter to the Law Division.

Defendant subsequently was charged in an Essex County indictment with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder,

N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1; third-degree possession of a weapon (a knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2; and third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1).

After a Law Division judge denied his motion to suppress certain evidence, defendant entered a negotiated guilty plea to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), as amended from the murder charge. Consistent with the plea agreement and the State's recommended sentence, the trial court on November 20, 2009, entered a judgment of conviction finding defendant guilty of first-degree aggravated manslaughter, dismissed all remaining charges, and sentenced defendant to a twenty-four-year incarceration term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(d)(2). After imposing the sentence, the court advised defendant of the forty-five-day deadline for filing an appeal but did not advise him of the time limitations for PCR petitions. See R. 3:21-4(i) ("After imposing sentence, whether following the defendant's plea of guilty or a finding of guilty after trial, the court shall advise the defendant of the right to appeal . . . . The court shall also inform the defendant of the time limitations in which to file petitions for [PCR].")

Defendant appealed the denial of his motion to suppress and the extent of his sentence. Affirming his conviction and sentence, we rejected defendant's arguments regarding the motion and his sentence and found "meritless" his "pro se argument that it was erroneous to transfer this case from the Family Part to the Law Division." State v. Williams, No. A-2447-09 (App. Div. Mar. 21, 2012) (slip op. at 2, 12 n.3). We denied defendant's motion for reconsideration. State v. Williams, No. A-2447-09 (App. Div. Apr. 19, 2012). The Supreme Court denied defendant's petition for certification. State v. Williams, 212 N.J. 462 (2012).

Around March 31, 2021,[1] defendant filed a pro se PCR petition in which he asserted, with no further detail, he had been denied his right to the effective assistance of counsel. In a counseled brief, defendant asserted the State had failed to file a new written statement of reasons prior to his second juvenile waiver hearing and argued waiver counsel was ineffective in not objecting to that omission and appellate counsel was ineffective for not raising that issue on appeal. He also contended waiver counsel had been ineffective for not calling

---

[1] Defendant dated his pro se petition March 31, 2021. His counsel dated her brief September 6, 2022. According to the State and the PCR judge, defendant filed his petition on February 4, 2022. For purposes of this appeal, we accept March 31, 2021, as the date defendant filed his petition.

any witnesses on the issue of probable cause at the second waiver hearing or requesting additional time to prepare for the hearing. Defendant asserted "any procedural bars should be relaxed to correct a fundamental injustice in this regard."

On February 10, 2023, the PCR court heard argument and denied the petition without conducting an evidentiary hearing. The court found defendant had failed to allege his delay in filing the PCR petition was due to excusable neglect but had made only "a blanket statement not supported by any facts that the rule should be relaxed to correct a fundamental injustice." The court also found defendant had failed to show a fundamental injustice and had failed to meet any of the requirements for a relaxation of the time deadlines set forth in Rule 3:22-12.

Considering the petition substantively, the court held defendant had failed to demonstrate a prima facie claim of ineffective assistance of counsel pursuant to the Strickland standard. Specifically, the court found defendant had not established the State failed to submit a written statement of reasons before the second waiver hearing and that defense counsel acknowledged on the record receiving the statement before the second waiver hearing. The court also held that defendant's "blanket statements" regarding trial counsel's purported failure

A-2548-22

to call witnesses and appellate counsel's ineffectiveness were not sufficient to meet the Strickland standard, citing our conclusion that defendant's transfer argument was meritless and finding defendant had failed to show his claims, if raised on appeal, would have been successful. The PCR court entered an amended order denying the petition on February 13, 2023, and a second amended order memorializing the court's reasons for denying the petition on May 3, 2023.

Defendant raises the following arguments in this appeal:

> POINT I
>
> [DEFENDANT]'S CLAIMS ARE NOT PROCEDURALLY BARRED FROM BEING RAISED IN THIS PETITION FOR [PCR].
>
> POINT II
>
> BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [HIS] PETITION FOR PCR.
>
> POINT III
>
> IN THE ALTERNATIVE, BECAUSE DEFENDANT PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AND BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

6

On appeal, defendant contends waiver counsel's performance was ineffective at the second waiver hearing due to "counsel's failure to seek a continuance when counsel received the State's [s]tatement of [r]easons on the day of the second waiver hearing, . . . to present any defense witnesses at the hearing, and . . . to present evidence available to counsel about defendant's cognitive deficits" and that appellate counsel was ineffective in failing to raise those issues on appeal.

We affirm. The PCR court did not err in finding defendant had neither timely filed his petition nor established a prima facie showing of ineffective assistance of counsel. Nor did the PCR court abuse its discretion in deciding the petition without conducting an evidentiary hearing given plaintiff's failure to establish a prima facie showing of ineffectiveness.

II.

We review the PCR court's legal and factual determinations de novo because it rendered its decision without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023). As directed by our Supreme Court, we "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014); see also State v. Chau, 473 N.J. Super. 430, 443 n.7 (App. Div. 2022).

When a defendant claims ineffective assistance of counsel as the basis for relief, he must satisfy the two-pronged test formulated in Strickland, 466 U.S. at 687, which was adopted by our Court in Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Bare assertions are "insufficient to support a prima facie case of ineffectiveness." State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (quoting State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999)). A defendant seeking PCR based on an ineffective-assistance-of-counsel claim "bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). If a defendant fails to sustain his burden under either prong of the standard, ineffective-assistance-of-counsel claim fails. Strickland, 466 U.S. at 687.

Under the first Strickland prong, a defendant must show "counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." State v. Allegro, 193 N.J. 352, 366 (2008) (quoting State v. Castagna, 187 N.J. 293, 314 (2006)). Under the second Strickland prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Ibid. (quoting Allegro, 193 N.J. at 367). A defendant "must 'affirmatively prove prejudice'" in a PCR petition to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). "[A] conviction is more readily attributable to deficiencies in defense counsel's performance when the State has a relatively weak case than when the State has presented overwhelming evidence of guilt." Id. at 557.

A defendant's right to effective assistance of counsel extends to the plea-negotiation process. Lafler v. Cooper, 566 U.S. 156, 162 (2012); see also Chau, 473 N.J. Super. at 445. When a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdez, 200 N.J. 129, 139 (2009) (alterations in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); Lafler, 566 U.S. at 163 (holding a defendant claiming ineffective assistance at the plea stage must show that "the

9

outcome of the plea process would have been different with competent advice"). A defendant also "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020). Defendant seeks to set aside his guilty plea but does not attribute any ineffective assistance to his plea counsel.

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing"). We review under an abuse-of-discretion standard the PCR court's decision to proceed without an evidentiary hearing. State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020). Rule 3:22-10(b) provides a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light

most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting Cummings, 321 N.J. Super. at 170). PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" Jones, 219 N.J. at 312, "facts sufficient to demonstrate counsel's alleged substandard performance," Cummings, 321 N.J. Super. at 170. "[F]actual assertions in a [PCR petition must] be made by affidavit or certification in order to secure an evidentiary hearing." Jones, 219 N.J. at 312 (citing R. 3:22-10(c)). Defendant verified his pro se PCR petition but did not make any factual assertions in that petition; he made only a blanket statement his right to effective assistance of counsel had been denied.

We address first the PCR court's finding that defendant's petition was time-barred. Defendant was sentenced on November 20, 2009. According to defendant, he submitted his PCR petition around March 31, 2021, more than eleven years later.

In State v. Brewster, 429 N.J. Super. 387 (App. Div. 2013), we explained:

> Rule 3:22-12(a)(1) sets a five-year time limitation for the filing of a PCR petition, unless the

petition itself shows excusable neglect for the late filing and fundamental injustice if defendant's claims are not considered on their merits. By its subsection (a)(2), Rule 3:22-12 allows an additional one-year limitation period if the courts recognize a new constitutional right or defendant discovers a previously unknown factual predicate justifying relief from the conviction.

[Id. at 398.]

In State v. McQuaid, 147 N.J. 464, 485 (1997), our Supreme Court "emphasized the important policy underlying the requirement that PCR petitions be timely filed":

There are good reasons for [Rule 3:22-12]. As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for [PCR] relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.

[Ibid. (alterations in original) (quoting State v. Mitchell, 126 N.J. 565, 575-76 (1992)).]

Although "a court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if

12

the 'interests of justice demand it,'" State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting Mitchell, 126 N.J. at 576), "a court should only relax the bar of Rule 3:22-12 under exceptional circumstances," State v. Afanador, 151 N.J. 41, 52 (1997). In that regard, a "court 'should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" Goodwin, 173 N.J. at 594 (quoting Afanador, 151 N.J. at 52); see also State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay" because "[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." Afanador, 151 N.J. at 52.

"Mindful of these policy considerations," in State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018), we held:

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.

13

[Ibid.]

We agree with the PCR court that defendant failed to show by competent evidence that the delay was due to excusable neglect, and we are satisfied enforcement of the time bar will not result in a fundamental injustice. See State v. Milne, 178 N.J. 486, 492-93, 495 (2004) (finding "no compelling reason to relax the procedural bar of Rule 3:22-12" where the defendant had "opportunities to assert his claims in a timely fashion but failed to do so," "the State would be significantly prejudiced if now forced to relitigate issues pertaining to crimes and a trial that occurred nearly two decades ago," and the judiciary would be faced "with the prospect of evaluating the propriety of a sixteen-year-old criminal conviction").

Defendant contends he showed excusable neglect for his delay in filing his PCR petition "because the trial court failed to inform defendant of the time limits for filing PCR petitions, which it was required to do at the time of defendant's sentencing." He faults the PCR court for not addressing that purported failure by the trial court. Defendant, however, did not raise this issue before the PCR court, not in his petition, his counseled brief, or his PCR counsel's presentation during oral argument. Although defendant did not raise

14

this issue before the PCR court, we have considered and reject defendant's argument.

In support of his excusable-neglect argument, defendant cites Rule 3:21-4(i), which requires a court at sentencing to inform a defendant about the time limits for filing an appeal and a PCR petition. Defendant also cites cases in which we held a sentencing court's failure to advise a defendant about appeal deadlines extended the defendant's time to file an appeal. See State v. Johnson, 396 N.J. Super. 133, 142 (App. Div. 2007); State v. Fletcher, 174 N.J. Super. 609, 614 (App. Div. 1980).

Defendant, however, did not cite a case in which the defendant's time to file a PCR petition was extended due to a sentencing court's failure to advise a defendant of the time limits associated with PCR petitions. Nor did defendant address State v. Molina, 187 N.J. 531, 542 (2006), in which the Court held a defendant who had not been advised of his right to appeal was entitled to "as within time relief" if "his application for leave to appeal as within time [was] filed no later than five years from the date of his sentencing." Defendant did not file his petition until more than eleven years had passed since the date of his sentencing. Even if we were inclined to grant defendant additional time to submit his PCR petition in light of the court's failure to advise him of the

applicable deadlines, we see no basis to give him more than twice the additional time the Court found appropriate for defendants who had not been advised of their appellate rights. Accordingly, we agree with the PCR court that defendant's petition is time-barred.

We nevertheless for the sake of completeness consider the substance of defendant's petition. Defendant does not contend plea counsel "provide[d] misleading, material information that result[ed] in an uninformed plea." Gaitan, 209 N.J. at 353 (quoting Nuñez-Valdez, 200 N.J. 140). Nor does he assert he would not have pleaded guilty but for counsel's errors or that a decision to reject the plea would have been rational. Vanness, 474 N.J. Super. at 624.

Instead, defendant faults waiver counsel for not requesting an adjournment of the second waiver hearing when presented with the prosecutor's written statement the day of the hearing and for not calling witnesses during that hearing. He did not support his petition with an affidavit or certification setting forth factual assertions describing what, if any, differences existed between the written statement presented at the first waiver hearing and the written statement presented at the second waiver hearing or explaining in what way waiver counsel was unprepared for the hearing, what waiver counsel would have done with

16

additional time, what witnesses he should have called, and how that additional time or witnesses would have altered the final outcome.

When a defendant claims his attorney was unprepared or failed to adequately investigate the case, which is what defendant appears to be arguing regarding waiver counsel, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170). Defendant's mere assertion waiver counsel should have asked for more time, with nothing more, fails to meet that standard.

As for witnesses, defendant seems to suggest in his merits brief – not in any affidavit or certification – waiver counsel should have called defendant and his father to testify about defendant's undisputed age at the time of the incident and that he lived with his cousin and experts to testify about defendant's purported cognitive deficiencies. But defendant fails to demonstrate that hypothetical testimony would have altered the court's waiver decision or the ultimate outcome of the case.

At the time of the second waiver hearing, N.J.S.A. 2A:4A-26 (repealed 2016), required, on the State's motion, a Family Part judge to waive jurisdiction

over a case involving a juvenile if the judge found the juvenile was at least fourteen years old at the time of the alleged act and there was "probable cause to believe that the juvenile committed a delinquent act or acts which if committed by an adult would constitute" certain enumerated crimes, including "[c]riminal homicide" and first-degree robbery. See also State v. J.M., 182 N.J. 402, 412 (2005) (finding "when a sixteen-year old or above is charged with an enumerated offense, the prosecutor need only establish probable cause for the court to waive the juvenile to adult court"). "Probable cause is a well-grounded suspicion or belief that the juvenile committed the alleged crime." J.M., 182 N.J. at 417; see also In re State ex rel. A.D., 212 N.J. 200, 220 (2012).

During the second waiver hearing, the lead investigator on the case, who was a member of the homicide unit in the prosecutor's office, testified: when police found defendant after the victim had been stabbed, defendant had told police he was "the one you're looking for"; in a subsequent recorded statement defendant had admitted he went to the convenience store with a knife to rob the store and he hit the victim twice with the knife; and defendant's brother had told an investigator defendant admitted to him he had stabbed someone. The court found defendant's age was not disputed and that the State had proven by a preponderance of the evidence police had probable cause to arrest defendant and

the State had probable cause to charge defendant with murder. The court held it was waiving its jurisdiction and that defendant would be tried in the Law Division.

As the waiver court held, the State "had substantial evidence from witnesses at the scene, . . . substantial evidence from the juvenile, himself, . . . and from his brother that linked him to the scene of the offense and corroborated his involvement in the homicide." Testimony about defendant's undisputed age, living arrangements, and cognitive deficiencies would not have altered the court's conclusion the State had established probable cause or decision to waive jurisdiction.

Defendant's argument regarding appellate counsel is equally speculative and unconvincing. Appellate counsel's failure to make an unsuccessful argument does not constitute ineffective assistance of counsel. State v. Echols, 199 N.J. 344, 365 (2009).

Defendant failed to satisfy Strickland's two-pronged test. He did not demonstrate waiver counsel's or appellate counsel's performance was deficient or that the alleged deficiency prejudiced his defense. The bare assertions he made in support of his petition were "insufficient to support a prima facie case of ineffectiveness." Blake, 444 N.J. Super. at 299 (quoting Cummings, 321 N.J.

Super. at 171). He did not show a reasonable probability that but for counsel's alleged ineffectiveness, "the result of the proceeding would have been different." Gideon, 244 N.J. at 551 (quoting Strickland, 466 U.S. at 694). Defendant did not state anywhere in his petition that he would not have pleaded guilty had counsel rendered effective assistance and, thus, has not demonstrated "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Nuñez-Valdez, 200 N.J. at 139.

Finally, we discern no abuse of discretion in the PCR court's decision to forego an evidentiary hearing given that defendant failed to establish a prima facie showing of ineffective assistance of counsel or any other basis to support the holding of a hearing. Defendant contends the record "contained facts that were in dispute between himself and his trial and appellate counsel" that needed to be resolved in an evidentiary hearing. But defendant did not identify any disputed facts, and we don't perceive any.

Allegations of ineffective assistance that are unsupported or are "too vague, conclusory, or speculative" do not merit an evidentiary hearing. State v. Marshall, 148 N.J. 89, 158 (1997). With his unsupported, bald assertions, defendant failed to demonstrate a prima facie case in support of his petition.

20

Accordingly, the PCR judge did not abuse her discretion by deciding and denying the petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2548-22